IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-122-02-t |
| | ) | |
| BRAULIO D. HENRIQUEZ | ) | |

**MOTION TO ENLARGE TIME**
**FOR FILING OBJECTIONS TO PRESENTENCE REPORT**
**AND/OR SENTENCING MEMORANDUM**
**AND TO REASSIGN SENTENCING**

Now comes Braulio D. Henriquez, by and through his appointed counsel, and moves for additional time to file objections to the presentence report and/or sentencing memorandum. Additional time is requested in order for counsel to research the impact the proposed changes to the sentencing guidelines would have on the defendant's case. In defendant's case based on the criminal history revisions and offense level revisions, he would likely be calculated a criminal history level 3 with 5 criminal history points and an offense level of 27 with a sentencing range of 87 to 108 months. It is defendant's position that this should be correctly stated on the presentence report irrespective of the fact that the mandatory minimum applies in Title 21 USC §841(a)(1) and b(1)(A) and 846 of 10 years. Defendant respectively submits in the event of Congressional action reducing the mandatory minimum sentence, defendant's presentence

report ought to accurately reflect these pending amendments. Further, defendant has moved for an enlargement of time in which to further research and file proposed objections to the presentence report based on the actions of the United States Sentencing Commission. A full understanding of this developing matter is critical therefore to defendant sentencing. Since the last application for additional time the U.S. Sentencing Commission has sought public comment on retroactive application of both the crack cocaine amendment and criminal history amendment:

> Federal Register Notice (submitted July 27, 2007). Request for public comment regarding retroactive application of amendments pertaining to cocaine base (crack) and to criminal history.

Lastly, the defendant also notes the pendency in the United States Supreme Court of Kimbrough v. United States, a matter concerning the sentencing ratio of one hundred to one for crack vs. cocaine. The Supreme Court has agreed to address the issue of whether the sentencing court is free in applying 18 USC § 3553A to disagree with policy choices such as the powder to crack cocaine ratio made by the Sentencing Commission. Kimbrough v. United States, 06-6330, United States Supreme Court. Defendant's case involves crack cocaine. Therefore, this matter currently pending in the Supreme Court is potentially

directly applicable; however, under current law is limited in its effect to the ten year mandatory minimum as noted above.

It is respectfully requested such period be enlarged to a time after November 1, 2007. Counsel seeks that the sentencing therefore be set at least ten days after that date to allow for response time to any such objection . Counsel similarly seeks that the sentencing hearing previously set be vacated. The government does not object to the within motion to enlarge time.

Respectfully submitted,

Defendant Braulio D. Henriquez
By his attorney,

/s/ George J. West

George J. West, Esq. #3052
One Turks Head Place, Suite 312 Providence,
RI 02903-22 15
(401) 861-9042
(401) 861-0330 Fax

CERTIFICATION

I hereby certify that on this 20th day of August 2007, I forwarded a copy of the within Motion to Terrence P. Donnelly, Esq., **Terrence P. Donnelly** terrence.donnelly@usdoj.gov libana.steele@usdoj.gov;paulette.gamache@usdoj.gov;usari-ecf@usdoj.govU. S. Department of Justice, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 via the USDC's ECF system. /s/George J. West