UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. CR. No. 06-122-02-T

BRAULIO D. HENRIQUEZ

**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**

Now comes the defendant, Braulio D. Henriquez, and objects to the presentence report for the following two grounds:

1. Criminal History. The defendant objects to the criminal history calculation from the presentence report of seven criminal history points as being over representative of defendant's criminal history. Based on the United States Sentencing Commission's study and logic connected with proposed amendments to the presentence guidelines which will, unless there is congressional action, become effective on November 1, 2007. Specifically those amendments submitted to Congress on May 1, 2007 published in Federal Register 72 FR 28558 (May 21, 2007) and further specifying Amendment 12 pertaining to certain criminal history rules which have the effect of lowering guideline ranges.

2. Defendant further objects to the offense level calculation in Paragraph 47 of the Presentence report as being an inappropriate offense

level for the alleged offense given the Sentencing Commission's logic, research and proposed amendment 9 pertaining to offenses involving cocaine base ("crack") which currently is understood to recommend a two level reduction in offense level. In defendant's case based on the criminal history revisions and offense level revisions, he would likely be calculated a criminal history level 3 with 5 criminal history points and an offense level of 27 with a sentencing range of 87 to 108 months. It is defendant's position that this should be correctly stated on the presentence report irrespective of the fact that the mandatory minimum applies in Title 21 USC §841(a)(1) and b(1)(A) and 846 of 10 years. Defendant respectively submits in the event of Congressional action reducing the mandatory minimum sentence, defendant's presentence report ought to accurately reflect these pending amendments. Further, defendant has moved for an enlargement of time in which to further research and file proposed objections to the presentence report based on the actions of the United States Sentencing Commission. That motion is pending.

Lastly, the defendant also notes the pendency in the United States Supreme Court of Kimbrough v. United States, a matter concerning the sentencing ratio of one hundred to one for crack vs. cocaine. The court has agreed to address the issue of whether the sentencing court is free in

applying 18 USC § 3553A to disagree with policy choices such as the powder to crack cocaine ratio made by the Sentencing Commission. Kimbrough v. United States, 06-6330, United States Supreme Court. Defendant's case involves crack cocaine. Therefore, this matter currently pending in the Supreme Court is potentially directly applicable; however, under current law is limited in its effect to the ten year mandatory minimum as noted above.

For these reasons the defendant objects to the presentence report as written.

Braulio D. Henriquez

By his attorney,

/s/ George J. West,
George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
Telephone: 401-861-9042
Facsimile: 401-861-0330
Email: GEORGEW180@aol.com

CERTIFICATION

I hereby certify that I caused the filing of the above-entitled Entry of Apperance through the United States District Court for the District of Rhode Island's ECF System be forwarded to Terrence P. Donnelly, Esq., A.U.S.A. at **Terrence P. Donnelly** terrence.donnelly@usdoj.gov libana.steele@usdoj.gov;paulette.gamache@usdoj.gov;usari-ecf@usdoj.govon 8/20/2007.

/s/ George J. West