THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| United States of America, | ) | |
| Respondent, | ) | |
| vs. | ) | CASE NO. 06-00122-02T |
| Braulio Henriquez, | ) | Motion For Reconsideration Pursuant To Title 18 U.S.C. § 3582(c)(2) |
| Petitioner. | ) | |

Now comes petitioner, Braulio Henriquez, challenging constitutional issues adjudicating arguments exercising the **3582(c)(2)** reduction based on sentencing commission decision on amendments, which effectively became law November 1, 2007. In regards to the claim petitioner contends that the judge awards petitioner with the final version of the amended guidelines and 1B1.10.

Under this scope petitioner prays that this honorable Court applies the decision rendered November 1, 2007, in favor of the sentencing commissions power to rectify changes in the crack law to address the discrimination used to illegally convict one for the opposing of the crack law. Petitioner, Braulio Henriquez, respectfully submits the following:

1) Petitioner cites 3582(c)(2) in retrospect on exercising the amended title.

Title 28 U.S.C. 3582(c)(2)
Imposition of a Sentence of Imprisonment.

(c) Modification of an imposed term of imprisonment, the Court may not modify a term of imprisonment once it has been imposed except that;

(2) In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the director of the Bureau of Prisons, or its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the sentencing commission.

(2) Petitioner cites Title 18 U.S.C. 3553, Imposition of a Sentence.

Factors to be considered in imposing a sentence.

The Court may impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in (2), the need for sentence imposed (A)(B)(C)(D) of this subsection.

(3) Statutory Authority

In light to the commission is statutorily authorized to determine whether guideline amendment that reduces the commissions sentencing range may be retroactively applied. Petitioner is aware that under law, in District Court, the Judge is not required to hold a hearing, even if the Judge grants the 3582(c)(2) motion, by statue Fed. R. Crim. P. 43 (b)(4). Petitioner also challenges that if the amendment is not retroactively applied, and amendments are not listed under 1B1.10, petitioner is able to apply reduction arguing the amendments are clarifying amendments that must also be applied retroactive, even if it is not listed. See United States v. Kissick, 69 F.3d 1048 (10th Cir. 1995). United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995). United States v. Gerber, 24 F.3d 93, 96-97 (10th Cir. 1994). Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992).

Petitioner is aware of a decision whether to reduce sentence which was based on sentencing range that subsequently was lowered is sound discretion of District Judge. See United States v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). Petitioner also contends the Circuit Courts have imposed as such that a 3582(c)(2) motion is not considered a civil post-conviction action, but classified a continuation of a criminal case. I determining opinion the Courts base their decision of the fact that 3582 enacts and governs the imposition and subsequent modification of a sentence

of imprisonment and it refers to the statue and rules governing the imposition of sentences, see United States v. Anderson, 326 F.3d 1319 (11th Cir.2003); United States v. Alvarez 210 F.3d 309 (5th Cir. 2000).

Petitioner also claims the right through the vehicle of case law which states the holding of **Booker** must be applied to a petitioner who receives a new sentence through 3582 motion. In United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the Circuit Court held that because **Booker** means the mandatory guideline sentences can no longer exist in any context. The **Booker** ruling and the advisory guideline practice must apply to a new sentencing, resulting from a 3582 motion:

Petitioners proof states respectfully in retrospect to the nexus of stating the following:

While 3582 (c)(2) proceedings do not constitute full re-sentencings, their purpose is to give a defendant a new sentence. In resentencing, while limited in certain respects, still results in a Judge calculating a new guideline range, considering the 3553 (a) factors, and issuing a new sentence based on the guidelines, see Hicks, 472 F.3d 1171-7.

In conclusion petitioner seeks permission from this Honorable Court to reconsider the judgment based on the decision rendered by the sentencing commission proposed amendments passed November 1, 2007, considering the cost of the Judges discretion, petitioner asks this Honorable Judge to award such benefit.

Petitioner is aware of the Sentencing Commission urge to allow Congress the power to change the 100 to 1 quantity ratio between crack and powder cocaine. Petitioner solely relies on the new retroactive decision lowering his sentence. Petitioner cites amendment 706 of the new procedure in regards to reduction of sentence under the crack cocaine decision rendered Tuesday Dec. 11, 2007. Petitioner effectively exercises his right to file 3582 (c)(2) petition asking this honorable judge for the District of Rhode Island.

Petitioner's motion seeks relief under amendment 706 of the U.S. Sentencing Commission which was an unanimous decision which was passed Dec. 11, 2007. Petitioner humbly prays that this honorable court allow Petitioner the opportunity to be rewarded for said benefits as mandated by the U.S. Sentencing Commission. Petitioner seeks reduction solely on the merits that he meets the criteria necessary.

**Prayer**

Petitioner prays that this Honorable Court agree to relief from 3582 (c)(2) under the merits of Crim. R. and P. 18 U.S.C. 3582. Setting petitioner allow him the reduction on the grounds that the District Court rendered a new order reducing sentence based on the new decision commenced, November 1, 2007.

Braulio Henriquez
Reg.No.05803-070
FCI-Beckley
P.O. Box 350
Beaver,WV.25813

Respectfully Submitted on this 14th day of April 2008

**Jurant**

I Braulio Henriquez, certify, under the penalty of perjury, that the facts stated herein are correct and true.

Certificate of Service/Mailing

I Braulio Henriquez, certify that true and correct copies of motion for reconsideration, I pursuant to Title 18 U.S.C. 3582 (c)(2), were served/sent by the United States mail, first class post, pre-paid, to the following person/office on the 14th day of April 2008

Office of the Clerk of Court
United States District Court