**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-122T |
| | : | |
| BRAULIO HENRIQUEZ | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

The defendant, Braulio Henriquez, has moved *pro se* for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c). Henriquez's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. U.S.S.G. App. C, Amend. 706 (effective November 1, 2007).

On November 1, 2006, a federal grand jury returned a two count indictment against Henriquez, charging him (and codefendant Francisco Arias) with one count of conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii), and one count of possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A)(iii).

Henriquez entered guilty pleas to both counts of the indictment on May 14, 2007. His sentencing guidelines

calculation was set at Offense Level 29, Criminal History Category IV. The sentencing range for that guideline range was 121 to 151 months imprisonment, but the statutory minimum mandatory sentence (for both counts) was 120 months. On August 28, 2007 the Court sentenced the defendant. The Court granted the defendant a one-month downward variance, and sentenced Henriquez to 120 months to serve on Counts I and II (concurrent).

Henriquez now claims that he is entitled to relief under 18 U.S.C. § 3582 as a result of the Sentencing Commission's decision to retroactively apply their recent amendment to the crack sentencing guidelines. That amendment, however, is inapplicable to the defendant, as he was sentenced to a statutory mandatory minimum penalty.

The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See U.S.S.G. 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.") Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429

(5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997).

Indeed, in the commentary to the new amendment, the Sentencing Commission recognized that a statutory mandatory minimum sentence will render the defendant ineligible for the two-level reduction:

> [T]he amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. 1.10, comment. n.1(A) Trial courts that have confronted this issue in the wake of Amendment 706's adoption have consistently held that defendants facing a statutory mandatory minimum sentence are ineligible for the two-level reduction. See, e.g., United States v. Urquhart, 2008 WL 829670 (E.D. Ark., March 26, 2008), aff'd 2008 WL 1958994 (8th Cir. May 7, 2008) ("Appellant is ineligible for any relief under the new retroactive amendments because his original sentence of 120 months was imposed pursuant to the mandatory minimum provision of 21 U.S.C. § 841"); United States v. Jones, 2008 WL 1437773 (D.S.C. April 10, 2008); United States v. Lewis, 2008 WL 591944 (N.D.N.Y. February 28, 2008).

WHEREFORE, the government requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Terrence P. Donnelly

Terrence P. Donnelly
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5049
401-709-5001 (fax)
terrence.donnelly@usdoj.gov
Bar # 3506

**CERTIFICATION**

I hereby certify that on June 26, 2008, I mailed a copy of the within Government's Response to:

Braulio Henriquez
Reg. No. 05803-070
FCI Beckley
P.O. Box 350
Beaver, WV 25813

/s/ Terrence P. Donnelly