UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 06-122S |
| | : | |
| BRAULIO D. HENRIQUEZ | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on December 16, 2016, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions. At the hearing, I ordered Defendant released pending my Report and Recommendation and final sentencing before Chief Judge William E. Smith.

Based upon the following analysis and the admission of Defendant, I recommend that Defendant be committed to the Bureau of Prisons for a term of seven months' incarceration followed by a twenty-four month term of supervised release with the following special conditions:

1.      Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

2.      Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer.

3.      Defendant shall participate in and satisfactorily complete a program of mental health treatment and counseling as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

4.      Defendant shall participate in a manualized behavioral program as directed by the Probation Office.  Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office. Defendant shall pay for the cost of treatment to the extent he is able as determined by the Probation Officer.

**Background**

On October 5, 2016, the Probation Office petitioned the Court for the issuance of an arrest warrant.  On that date, the District Court reviewed the request and ordered the issuance of an arrest warrant.  On December 16, 2016, Defendant was brought before the Court for a revocation hearing at which time he admitted to the following charge:

> **Defendant shall not commit another federal, state or local crime.**
>
> On September 29, 2016, Defendant committed the offenses of Simple Assault/Domestic, Vandalism/Domestic and Disorderly Conduct/Domestic as evidenced by an arrest warrant issued by the Pawtucket Police Department on that date.

As Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.  On Counts I and II, the maximum term of supervised release is life.  A term of five years of supervised release was previously imposed, but statute authorizes up to a life term.  Therefore, the terms can be extended without any limitations.

Section 3583(e)(3), provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor.  If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence.  On Counts I and II, Defendant was on supervision for a Class C felony.  Therefore, he may not be required to serve more than two years' imprisonment upon revocation on each Count.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in

the original term of supervised release, less any term of imprisonment that was imposed upon

revocation of supervised release. The authorized statutory maximum term of supervised release is

life. A one-day term of imprisonment was previously imposed for violations of supervised release.

Since the applicable statute authorizes up to a life term of supervised release, the Court may impose

any length of supervised release it deems appropriate, provided the statutory maximum term of

imprisonment is not imposed.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states

that where there is more than one violation, or the violation includes more than one offense, the

grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by

a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled

substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense

punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct

constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C

violations are conduct constituting an offense punishable by a term of imprisonment of one year or

less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall

revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court

may revoke, extend or modify the conditions of supervision. Defendant has committed a Grade C

violation. Therefore, the Court may revoke, extend or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined

under § 7B1.4 is at least one month, but not more than six months, the minimum term may be

satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  There is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) provides that the criminal history category is the category applicable at the time Defendant was originally sentenced.  Defendant had a Criminal History Category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  Defendant committed a Grade C violation and has a

Criminal History Category of IV.  As Defendant was on supervised release as a result of a sentence

for a Class A felony, the applicable range of imprisonment for this violation is six to twelve months.

Section 7B1.5(b) provides that, upon revocation of supervised release, no credit shall be

given toward any term of imprisonment ordered, for time previously served on post-release

supervision.

**Offender's Characteristics**

Defendant came before this Court in 2006 on charges of distributing fifty grams or more of

crack cocaine.  He was nineteen years old at the time.  He received a ten-year sentence in 2007.  He

was released and commenced a five-year term of supervised release on July 18, 2014.

This is Defendant's second violation case.  His first violation case primarily arose out of a

domestic assault on his girlfriend and a subsequent violation of a no contact order.  Because the

victim was unwilling to cooperate in the prosecution, Defendant admitted to a reduced charge of

domestic disorderly conduct and received a term of home confinement as punishment.  He was

warned that "future behavior of this nature will result in a recommendation of incarceration."

(Document No. 61 at p. 7).

This violation case arises out of a domestic assault on the <u>same</u> victim.  This time the victim

was willing to cooperate and appeared in Court to testify at the violation hearing.  Defendant

ultimately admitted to the violation, and the hearing did not proceed.  He has admitted to a Grade

C violation, and the guideline range is six to twelve months.  As part of a plea agreement, the

Government agreed to recommend a sentence no greater than seven months and did so.  Defendant's

counsel argued for no jail time and another period on home confinement.  The Government's

recommendation is reasonable, and defense counsel's recommendation is absolutely unsupported

by the history of this case. Defendant received a lenient sanction for the first incident of domestic violence and is not entitled to a second break. He engaged in similar disorderly and violent behavior directed at the same victim. Apparently, the initial period of home detention was not sufficient to change Defendant's behavior. Hopefully, a seven-month sentence followed by twenty-four months of further supervised release with special conditions will do so.

**Conclusion**

After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be committed to the Bureau of Prisons for a term of seven months' incarceration followed by a twenty-four month term of supervised release with the following special conditions:

1.     Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

2.     Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer.

3.     Defendant shall participate in and satisfactorily complete a program of mental health treatment and counseling as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

4.     Defendant shall participate in a manualized behavioral program as directed by the Probation Office. Such program may include group sessions led by a counselor or participation in

a program administered by the Probation Office. Defendant shall pay for the cost of treatment to the extent he is able as determined by the Probation Officer.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.  Fed. R. Crim. P. 59; LR Cr 57.2.  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 28, 2016